AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Mississippi

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

JUN 03 2014

ARTHUR JOHNSTON
BY_____ DEPUTY

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 3:14mj124-LRA |
| Alfonso ALFARO | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____ May 31, 2014 ____ in the county of ____ Rankin ____ in the

____ Southern ____ District of ____ Mississippi ____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §841(a)(1) | Possession with Intent to Distribute more than 5 kilograms of Cocaine Hydrochloride |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Malcolm C. McMillin, SA HSI
_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ____ 06/03/2014 ____

_____
*Judge's signature*

City and state: ____ Jackson, Mississippi ____

Linda R. Anderson, United States Magistrate Judge
_____
*Printed name and title*

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I am a special agent with the United States Department of Homeland Security, Homeland Security Investigations and have held this position since March 2003.  Prior to this appointment, I was employed as a special agent with the United States Secret Service from May 1997 through March 2003.  I was also employed as an agent with the Mississippi Department of Public Safety, Mississippi Bureau of Narcotics from January 1993 through May 1997.  During my twenty years in law enforcement, I have received numerous hours of training specifically designed to educate the participants in the means and methods employed by groups and individuals involved in the illegal distribution of controlled substances.  I am statutorily empowered to investigate violations of Title 21 of the United States Code which involve the illegal importation of prohibited controlled substances into the United States.

The information contained in this affidavit in support of criminal complaint is based on my own investigation and from information received from Homeland Security Investigations special agents assigned to Homeland Security Investigations Presidio, Texas; Homeland Security Investigations Winston-Salem, North Carolina; the Richland, Mississippi Police Department and the Greensboro, North Carolina Police Department.

On May 14, 2014, Richland Police Department Lieutenant Nick McLendon conducted a traffic stop of a vehicle in Pelahatchie, Rankin County, Mississippi.  During a subsequent consent to search, Lieutenant McLendon discovered approximately 7 kilograms of Cocaine Hydrochloride concealed within the front frame rails of the vehicle (a 2002 Nissan Maxima bearing Chihuahua, Mexico license plate EGB1517). HSI Presidio had identified this vehicle as linked to a narcotics and currency smuggling organization operating in the Presidio, Texas area of responsibility.  According to information provided by Special Agent William Werner, HSI Presidio, this organization was responsible for transporting large quantities of Cocaine Hydrochloride from Mexico into the United States, using numerous vehicles, traveling to the Greensboro, North Carolina area.   The driver of this vehicle, Luis Angel CHAVEZ-Castano, a citizen and national of Mexico, present in the United States on a Border Crossing Card (B2 VISA) and immigration Form I-94, disavowed knowledge of the narcotics and claimed that he had responded to an ad in a Chihuahua, Chihuahua, Mexico newspaper recruiting drivers to transport vehicles to various locations in Texas.  Subsequent to his entering the vehicle into the United States CHAVEZ-Castano was redirected on multiple occasions by an unknown subject in Mexico.  CHAVEZ-Castano was initially redirected to Dallas, Texas and then to Atlanta, Georgia but was advised that he would be traveling to Greensboro, North Carolina.

On May 15, 2014, HSI Winston-Salem (North Carolina) coordinated with Greensboro, North Carolina Police Department, conducted consent to search of a business in Greensboro, North Carolina.   During this consent to search, agents and officers recovered a quantity of Cocaine Hydrochloride and arrested three individuals who were determined to be connected to the seizure of Cocaine Hydrochloride by Richland Police Department on the previous date.

Further coordination and discussion, with Greensboro Police Department Narcotics Detective Dwayne James revealed that additional vehicles had been identified as being utilized by the same narcotics trafficking organization, based in Chihuahua, Mexico and operating in the Presidio, Texas area. According to Detective James, a black Ford F-250 (Chihuahua, Mexico plates EA98176 and black Chevy Equinox (Chihuahua, Mexico plates, EHH2414) were identified as entering the United States on multiple occasions.  Both vehicles were observed by Greensboro Police Department Narcotics personnel and HSI Winston-Salem during the surveillance of suspected narcotics violations.

During a one week period beginning April 4, 2014, and ending April 10, 2014, HSI agents and Greensboro Police Officers observed both the Black F-250 (Mexico License Plate:  EA98176) and the Black Equinox (Mexico License Plate: EHH2414) on multiple occasions.  These observations occurred during the surveillance of suspected narcotics trafficking activity.   On April 6, 2014, the Equinox was stopped by Greensboro Police Officers.  At the time of the traffic stop, the vehicle was occupied by Alfonso ALFARO, a United States Citizen.  ALFONSO presented a state of Texas Driver's License and a United States Passport for identification.  During the traffic stop, a K-9 was deployed and alerted to the vehicle.  The vehicle was transported to a Greensboro vehicle maintenance facility for an extensive search for contraband.  During this search, two aftermarket compartments located in the rear frame rails of the vehicle which were accessed by removing the rear bumper cover.  At the time of the search, the compartments were empty.

Alfonso ALFARO was determined, through interviews to be a veteran of the United States Military with special forces training and a former law enforcement officer.

On May 30, 2014, SA William Werner, HSI Presidio, contacted your affiant via telephone and advised that the above described Chevrolet Equinox bearing Chihuahua, Mexico license plate EHH2414 had entered the United States at the Santa Teresa border crossing located in New Mexico near El Paso, Texas.  The actual border crossing occurred at approximately 1026 hours Eastern Standard Time.  At approximately 1310 hours Eastern Standard Time, the same vehicle was documented crossing through the Sierra Blanca Border Patrol Check point.  Contact at each of these locations indicated an eastbound direction of travel.   Photographs of the border crossing and of the border patrol checkpoint appear to your affiant to be the individual subsequently identified as Alfonso ALFARO.

Based on information provided and described above, your affiant contacted Lieutenant Nick McLendon, Richland Police Department and advised him of the possibility of this vehicle traveling through U.S. Interstate 20 near Jackson, Mississippi.

On May 31, 2014, Lieutenant McLendon distance and estimated travel time, Lieutenant McLendon established  a stationary observation point on Interstate 20 near milemarker 66.  At approximately 1047 hours Lieutenant McLendon observed the above described Chevrolet Equinox pass his location.  As the vehicle passed, Lieutenant McLendon observed that a tag bracket obscured some of the information on the license plate.  Lieutenant McLendon conducted a traffic stop on the Chevrolvet Equinox.

Lieutenant McLendon approached the driver and advised him that the tag was partially obscured by the aftermarket bracket and further asked the driver what type of tag the vehicle had.  The driver, subsequently identified as Alfonso ALFARO, the sole occupant in the vehilce, replied that the vehicle was plated out of Chihuahua, Mexico.  ALFARO then produced a state of Texas driver's license as proof of identity.

Lieutenant McLendon asked ALFARO if he still lived in El Paso, Texas, as indicated on the license. ALFARO stated that he was presently living in Chihuahua, Mexico following his retirement from the United States Military.  During this conversation, conducted through the passenger side window, Lieutenant McLendon observed two cellular telephones in the vehicle.

Lieutenant McLendon asked ALFARO for consent to search the vehicle for contraband.  ALFARO provided verbal consent and subsequently consented in writing to Lieutenant McLendon's searching the vehicle.  Prior to initiating his search of the vehicle, Lieutenant McLendon requested ALFARO's permission to perform a pat down search for officer safety.   Lieutenant McLendon did not locate any weapons of contraband but did locate a third cellular telephone on ALFARO's person.

During the consent search, Lieutenant McLendon observed evidence of modification to the rear frame rails of the vehicle.  In addition, Lieutenant McLendon observed indicia of the plastic body panel push pins had recently been manipulated (push pins are used to connect the plastic body panels to the frame of the vehicle and to one another.)  Lieutenant McLendon further, observed the area surrounding the push pins did not have the same road grime as the underside of the vehicle.  Lieutenant McLendon deployed his department K-9 on the vehicle and observed an alert to the rear bumper area of the car.

Lieutenant McLendon then probed the rear frame rails of the vehicle with a drill bit and observed a white powdery substance on the drill bit when it was removed.  Based on Lieutenant McLendon's training and experience, the odor of the white powdery substance was consistent with previous seizures of Cocaine Hydrochloride.  The packages were removed from the vehicle and was subsequently filed tested and tested positive for the presence of Cocaine Hydrochloride.

ALFARO was placed into handcuffs and asked to see the white powdery substance which Lieutenant McLendon had located.  Lieutenant McLendon then contacted your affiant and advised that he had located an unknown quantity of presumed Cocaine Hydrochloride.  Your affiant asked Lieutenant McLendon to advise ALFARO of his Miranda Rights and ask if he wanted to cooperate or further the investigation.  Lieutenant McLendon advised ALFARO of his rights and ALFARO invoked his right to remain silent and requested an attorney.

The vehicle was transported to HSI Jackson for follow up investigation and the bumper cover was removed to provide access to the compartment.  A total of eleven plastic wrapped bundles of suspected Cocaine Hydrochloride  were removed from each of the rear frame rails.The white powderly substance was subsequently filed tested and tested positive for the presence of Cocaine Hydrochloride. The total approximate weight was just over 27 pounds or 13 kilograms.

Based on the above listed underlying facts and circumstances, your affiant has reason to believe and does believe that Alonso ALFARO Possessed with Intent to Distribute  more than 5 Kilograms of Cocaine Hydrochloride, a Schedule II controlled substance, all in violation of Title 21 United States Code 841(a)(1).  Therefore, I respectfully request that a warrant be issued charging ALFARO with the above violation.

MALCOLM C. MCMILLIN, SA HSI

SWORN AND SUBSRIBED BEFORE ME ON THIS THE _3rd_ DAY OF JUNE, 2014.

LINDA R. ANDERSON
UNITED STATES MAGISTRATE JUDGE